UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN NOVOA,<br><br>Defendant. | **Consent Order<br>of Restitution**<br><br>**S1 20 Cr. 440 (JGK)** |

Upon the application of the United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, Jacob R. Fiddelman, Assistant United States Attorney, of counsel; the presentence report; the Defendant's conviction on Counts One through Six of the above-referenced Information; and all other proceedings in this case, it is hereby ORDERED that:

## I.    Amount of Restitution

JOHN NOVOA, the Defendant, shall pay restitution in the total amount of $767,115.94, pursuant to 18 U.S.C. § 3663A, to the victims of the offense charged in Count One. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of the Court is authorized to send payments to the new address without further order of this Court.

## II.    Joint and Several Liability

Pursuant to 18 U.S.C. § 3664(h), the Court has apportioned liability among the defendants to reflect the level of contribution to the victim's loss and the economic circumstances of each defendant. The Defendant's restitution obligation will be fully joint and several with codefendant ARIK LEV, and joint and several with codefendant IVAN MAGIDOV up to $27,000.00.

2020.01.09

### III. Apportionment Among Victims

Restitution shall be paid to the victims identified in the Schedule of Victims, attached hereto as Schedule A, on a pro rata basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

### IV. Schedule of Payments

Pursuant to 18 U.S.C. §§ 3664(f)(2) and 3572(d)(1)-(2), in the interest of justice, restitution shall be payable in installments. The Defendant shall commence monthly installment payments in an amount equal to ten percent of the Defendant's gross monthly income, beginning 30 days from the Defendant's release from prison. If the Defendant defaults on the payment schedule, the Government may pursue other remedies to enforce the judgment.

### V. Payment Instructions

The Defendant shall make restitution payments by certified check, bank check, money order, wire transfer, credit card or cash. Checks and money orders shall be made payable to the "SDNY Clerk of the Court" and mailed or hand-delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The Defendant shall write his name and the docket number of this case on each check or money order. Credit card payments must be made in person at the Clerk's Office. Any cash payments shall be hand delivered to the Clerk's Office using exact change, and shall not be mailed. For payments by wire, the Defendant shall contact the Clerk's Office for wiring instructions.

### VI. Additional Provisions

The Defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's

Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Unit) of (1) any change of the Defendant's name, residence, or mailing address or (2) any material change in the Defendant's financial resources that affects the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k). If the Defendant discloses, or the Government otherwise learns of, additional assets not known to the Government at the time of the execution of this order, the Government may seek a Court order modifying the payment schedule consistent with the discovery of new or additional assets.

Pursuant to the parties' agreement, in the event that any unreturned collateral is repossessed and liquidated by a Victim in the future, the amount recouped by that Victim will be treated as a partial satisfaction of the restitution obligation to that Victim.

Pursuant to the parties' agreement, the Defendant may seek Court intervention in the future if, among other circumstances, any defendant attempts to return collateral to a Victim but the Victim unreasonably refuses or fails to retake possession or liquidate the collateral, though the Government has taken no position on the appropriateness of any particular future relief.

## VII. Restitution Liability

The Defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the Defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the Defendant, the Defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

VIII. <u>Sealing</u>

Consistent with 18 U.S.C. §§ 3771(a)(8) and 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used or disclosed by the Government, the Clerk's Office, and the Probation Department, as need be to effect and enforce this Order, without further order of this Court.

SO ORDERED:

_____       9/28/22.
HONORABLE JOHN G. KOELTL                 DATE
UNITED STATES DISTRICT JUDGE